Arthur Hughes, Respondent, *v.* Edythe B. Curran et al., Appellants.

Fourth Department, June 19, 1958.

*Edmund B. Tyminski* for appellants.

*Nathan I. Share* and *Morris Garber* for respondent.

*Arthur E. Kirchheimer,* guardian ad litem for unknown defendants.

*Per Curiam.* The defendants, Edythe B. Curran and Walter B. Jennings, appeal from a judgment entered in an action brought pursuant to article 15 of the Real Property Law, in which it was sought that plaintiff be adjudged the lawful owner of certain realty, consisting of 13 lots described in the complaint and that defendants be barred from all claims to an estate in the premises. It was further demanded that some 13 mortgages described therein be declared invalid and be cancelled and discharged of record.

It is recognized that in such an action by virtue of the provisions of section 505 of the Real Property Law there is established a rebuttable presumption that a person in possession is entitled thereto. Upon the trial the plaintiff proved this fact but then went on as part of his direct case to place in evidence by reference some 23 deeds. Many of these were described in making the offer in evidence so as to give only the names of the grantor and grantee, the date of recording and the book and page where recorded. No statement was made as

to which lots were so conveyed. All of this was done over the objection of appellants who demanded that either the original deeds or copies thereof be placed in evidence.

It may be gathered from the record that plaintiff's claim of title is based upon certain tax deeds received from Onondaga County which appellants by their answers are attacking as invalid. Further confusion arose when appellants attempted to present their defense. Counsel proceeded to offer in evidence photostatic copies of certain original deeds but none of these was marked for identification. Absent any exhibit number some of these may be identified but the identity of others is left to speculation. For instance, at one point counsel stated "I think the next one is 622." Presumably this referred to the page number of the book of recording but the latter was not supplied or the date of recording. It is possible to cull from the record that some six deeds were offered in this fashion but as to four of these it does not appear whether or not they were received. Finally, defense counsel said "With the exception of the dates and the information given here the deeds are all in substantially the same form and I offer them all in evidence." Whereupon the trial court replied "I received them all yesterday." The record on appeal, as stipulated, purports to show that only two deeds were received in evidence.

In this confused state of the record it is impossible to reach the merits of the appeal. It appears from the bill of costs made a part of the record that plaintiff expended $70 for two abstracts of title but these were not offered in evidence. Upon this trial some party should have been permitted or required to place in evidence the documentary evidence and the instruments should have been given exhibit numbers so that they could have been identified upon appeal. All of this is emphasized by the several contentions contained in the briefs of the respective parties. Thus, appellants, at one point, state that "The 6 deeds from the County Treasurer to County of Onondaga are not in accordance with the provisions" of a quoted statute. Later it is argued that six of the deeds "made pursuant to repealed statutes conveyed no title." The manner in which the documentary proof was presented by all parties makes it virtually impossible to determine, in the absence of any exhibit numbers, whether reference is being made to one of the unknown quantity of deeds offered by appellants but not specifically received or to some of the 23 deeds offered by reference by respondent. A new trial is required so that the proof may be submitted in an orderly and understandable manner.

All concur. Present — KIMBALL, J. P., WILLIAMS, BASTOW and HALPERN, JJ.

Judgment insofar as appealed from reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.